This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**REBECCA JOHNSON,**

     Plaintiff-Appellant,

v.                                                 **NO. 29,987**

**SKATE AWAY USA, INC.**
**d/b/a SKATEWAY USA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Rudolfo Law Firm
Emeterio L. Rudolfo
Farmington, NM

for Appellant

Butt, Thornton & Baehr, P.C.
Emily Franke
Jane A. Laflin
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Plaintiff is appealing from a district court order barring Plaintiff's complaint under the doctrine of laches. We issued a second calendar notice proposing to reverse. Defendant has responded with a memorandum in opposition. We reverse.

The sole issue in this case is whether the district court properly granted summary judgment after concluding that Plaintiff's complaint was barred by the doctrine of laches. "The decision to apply laches is left to the sound discretion of the [district] court which we review only for an abuse of discretion." *Skaggs v. Conoco, Inc.*, 1998-NMCA-061, ¶ 13, 125 N.M. 97, 957 P.2d 526.

In order to bar Plaintiff's complaint, the doctrine of laches required the district court to find the following: (1) conduct on the part of Defendant giving rise to Plaintiff's complaint; (2) delay in asserting Plaintiff's rights, with Plaintiff having had knowledge or notice of Defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of Defendant that Plaintiff would assert the right on which she bases her suit; and (4) injury or prejudice to Defendant in the event relief is accorded to the complainant or the suit is not held to be barred. *See Garcia v. Garcia*, 111 N.M. 581, 588, 808 P.2d 31, 38 (1991).

Our second calendar notice proposed to agree with Plaintiff that the court's findings concerning notice were improper given the procedural posture of the court's ruling. "Summary judgment is appropriate where there are no genuine issues of

material fact and the movant is entitled to judgment as a matter of law. . . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

Here the district court determined that Defendant "had no knowledge of the incident" until the complaint was filed. [RP 121] However, Plaintiff's affidavit and an accompanying affidavit by Jessica Dufur indicate that Defendant's employees were aware of the incident and assisted Defendant at that time. [RP 41-42] In its memorandum in opposition, Defendant argues that, as referenced above, the appropriate inquiry is notice as it relates to a future assertion of a claimed right. [MIO 3] However, the district court's factual resolution of the notice issue essentially foreclosed the resolution of whether employees knowledge of the incident gave rise to notice that Plaintiff would pursue a claim. We believe that Defendant's employees' notice may be imputed to Defendant under general agency law.

Defendant's memorandum [MIO 4] also argues that Plaintiff's affidavit contained hearsay regarding statements made by Joe Barela. [RP 41] However, other statements in the affidavits submitted by Plaintiff are non-hearsay statements indicating Defendant's possible knowledge of Plaintiff's injury. [RP 41-42] To the extent that Defendant is challenging Plaintiff's credibility with respect to her statements, we believe that this is another factual conflict. For example, Defendant

3

attempts to refute statements in Plaintiff's affidavits with other purported facts that are not supported by citation to the record. ]MIO 4]  As such, there are genuine issue of material fact, and summary judgment was improperly granted.  *See Cunningham v. Gross*, 102 N.M. 723, 726, 699 P.2d 1075, 1078 (1985) (holding that award of equitable relief is still subject to the rules governing summary judgment).

**CONCLUSION**

For the reasons stated above, we reverse.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**